UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALVIN LIPSEY,                          )
                                       )
                    Petitioner,        )
                                       )
        vs.                            )          CAUSE NO. 3:18-CV-417 RLM
                                       ) (Arising out of 3:12-CR-114 RLM-MGG)
UNITED STATES OF AMERICA,              )
                                       )
                    Respondent.        )


OPINION AND ORDER

Alvin Lipsey pleaded guilty to bank robbery in violation of 18 U.S.C. §2113(d) and using a firearm during the commission of the robbery violation of 18 U.S.C. § 924(c). The court sentenced Mr. Lipsey to a term of 290 months' imprisonment. Mr. Lipsey later challenged his conviction under 28 U.S.C. § 2255 and was resentenced to a term of 123 months' imprisonment. He is now again before the court requesting that the court vacate his conviction and sentence under 28 U.S.C. § 2255. [Doc. No. 160]. For the following reasons, the court denies Mr. Lipsey's motion.

The current, successive, 28 U.S.C. § 2255 isn't certified by the court of appeals. The court therefore doesn't have jurisdiction to consider this motion because Mr. Lipsey hasn't received authorization from the court of appeals for this court to consider it. 28 U.S.C. § 2244(b)(3)(A), 28 U.S.C. § 2255(h). The court, therefore, can't hear Mr. Lipsey's latest motion to vacate his judgment.

One can never say for sure, but it appears that Mr. Lipsey couldn't succeed on this petition even if the court of appeals authorized its filing. The only

1

argument Mr. Lipsey raises in his new 28 U.S.C. § 2255 petition is that bank robbery is no longer a crime of violence under <u>United States v. Johnson,</u> 135 S. Ct. 2551 (2015) and <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018). The Supreme Court held the residual clause of 18 U.S.C. § 924(e)(2)(B) unconstitutional in <u>Johnson</u>, but it didn't strike any other part of the statute as unconstitutional. <u>United States v. Yang</u>, 799 F.3d 750, 752 n.1 (7th Cir. 2015) (if the case "does not involve the residual clause [...] <u>Johnson</u> does not affect him."); <u>Stanley v. United States</u>, 827 F.3d 562, 564 (7th Cir. 2016) ("<u>Johnson</u> [...] does not have anything to do with [...] the residual clause.")

Federal bank robbery is a crime of violence and is unaffected by <u>Johnson</u>. <u>United States v. Williams</u>, 864 F.3d 826 (7th Cir. 2017). The court of appeals articulated it best in Mr. Lipsey's own appeal:

> But on the merits, Lipsey's motion to amend fails. The motion argues that after *Johnson*, 135 S. Ct. 2551, which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague, Lipsey's conviction for armed bank robbery, 18 U.S.C. § 2113(a), (d), is no longer a "crime of violence" under either 18 U.S.C. § 924(c) or the career-offender guideline, U.S.S.G. § 4B1.1, and so both his § 924(c) conviction and his sentence must be vacated. Lipsey is incorrect. Bank robbery is a crime of violence under the elements clauses of both § 924(c)(3)(A) and § 4B1.2(a)(1) because it has "as an element the use, attempted use, or threatened use of physical force against the person ... of another." *See United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) (concluding that federal bank robbery is a crime of violence under elements clause of career-offender guideline); *In re Hines*, No. 16-12454-F, 2016 WL 3189822, at *3 (11th Cir. June 8, 2016) (concluding that armed bank robbery is crime of violence under elements clause of § 924(c)(3)(A)); *United States v. McNeal*, 818 F.3d 141, 152–56 (4th Cir. 2016) (same).

<u>Alvin Lipsey v. United States</u>, Nos. 15-3303 & 15-3422 (7th Cir. October 6, 2016) [Doc. No. 124]. The Seventh Circuit view on this issue is definitive – robbery is a crime of violence and 18 U.S.C. § 924(c) is not unconstitutionally vague.

Based on the foregoing, the court DENIES the motion to vacate [Doc. No. 160] and DENIES AS MOOT the motion for a show cause order pertaining to the motion to vacate [Doc. No. 162].

SO ORDERED.

ENTERED:  June 11, 2019

 /s/  Robert L. Miller, Jr.

Judge, United States District Court